UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRIEDEL M. ACKER,

           Plaintiff,

v.

WORKHORSE SALES CORP.,

           Defendant.
_____/

CIVIL ACTION NO. 06-14467

DISTRICT JUDGE GEORGE CARAM STEEH

MAGISTRATE JUDGE DONALD A. SCHEER

## <u>ORDER DENYING PLAINTIFF'S MOTION<br>FOR RECONSIDERATION</u>

Plaintiff's Motion for Reconsideration of the Court's Ruling Regarding Defendant's Motion to Compel Production of Documents and for Costs and Attorney Fees was timely filed in accordance with E.D. Mich. LR 7.1(g)(1). Defendant sought leave to file a response, and leave was granted. Having reviewed Plaintiff's Motion, together with Defendant's Response, I find that Plaintiff's Motion should be denied.

E.D. Mich. LR 7.1(g)(3) provides that the Court will not grant motions for reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The subsection further provides that the movant must not only demonstrate a palpable defect by which the Court and the parties have been misled, but must also show that correcting the defect will result in a different disposition of the case. Upon review of Plaintiff's Motion, I find that no such showing has been made. Following the party's arguments at the May 1, 2007 hearing on Defendant's Motion to Compel Production of Documents, the Court found that Defendant's document requests were served upon Plaintiff's counsel on January 12, 2007. Pursuant to Fed.R.Civ.P. 34(b), Plaintiff was required to serve a written response within thirty (30) days after the service of

the requests, absent an extension by order of the Court or agreement in writing by the parties. The Court found that the parties had orally agreed to extensions, but only until the end of February, 2007. The party's presentations revealed that Plaintiff did not produce or make available the requested documents within the time allowed by the Rule. Defendant's Motion to Compel was filed on March 28, 2007, four (4) weeks after the last date upon which Plaintiff could have responded in compliance with the Rule. Only after the filing of Defendant's Motion to Compel, and after the close of normal business on the eve of the May 1, 2007 hearing, did Plaintiff offer defense counsel an opportunity to review the requested documents.

Fed.R.Civ.P. 37 provides for the filing of motions to compel disclosure or discovery. Defendant's Motion to Compel Production of Documents was filed in compliance with the Rule. Fed.R.Civ.P. 37(a)(4) provides as follows:

**(4) Expenses and Sanctions.**

(a) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Following the presentation of the party's arguments, this Court ordered Plaintiff to pay the reasonable costs and attorney fees incurred by the Defendant in connection with the Motion to Compel. Nothing in the instant Motion for Reconsideration presents a new issue or demonstrates a palpable defect by which the Court and the parties have been misled.

Accordingly, the Motion must be denied.

IT IS THEREFORE ORDERED that:

1) Plaintiff's Motion for Reconsideration of the Court's Ruling Regarding Defendant's Motion to Compel Production of Documents and for Costs and Attorney Fees is denied.

2) Within fourteen (14) days of the service of this Order, counsel for Plaintiff shall certify to the magistrate judge the reasonable costs of copying and producing the documents responsive to Defendant's document requests; and counsel for Defendant shall file an appropriate accounting of the attorney fees sought in connection with the Motion to Compel Production of Documents, together with any supporting Affidavits.

As to each of the showings required by the previous paragraph of this Order, the opposing party shall have five (5) days following the service of the same within which to file opposition papers and/or request a hearing on the appropriate amounts to be awarded.

All of which is Ordered this 30th day of May, 2007.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

_____

## CERTIFICATE OF SERVICE

I hereby certify on May 30, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 30, 2007. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217