UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRIEDEL M. ACKER,

      Plaintiff,

vs.
      Case No. 06-CV-14467
      HON. GEORGE CARAM STEEH

WORKHORSE SALES CORPORATION,

      Defendant.

_____/

ORDER OVERRULING PLAINTIFF'S OBJECTIONS (# 39)
TO MAGISTRATE JUDGE'S MAY 8 AND MAY 30 2007 ORDERS (# 25, # 33)

Plaintiff Friedel Acker objects to Magistrate Judge Donald Scheer's May 8, 2007 and May 30, 2007 Orders to the extent Acker is ordered to pay defendant Workhorse Sales Corporation's costs and attorney fees incurred in connection with Workhorse's March 28, 2007 motion to compel production of documents. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral argument.

Workhorse served its First Set of Requests for Documents and Things on Acker on January 17, 2007. Acker had until February 17, 2007 to file a response or objections. Fed. R. Civ. P. 34(b)(2)(A). As late as March 27, 2007, the parties exchanged e-mails, with Acker's Counsel producing some, but not all of, the requested documents. In a March 27, 2007 e-mail, Acker's Counsel Jack Gray communicated with Workhorse's Counsel Joel Neckers:

> Attached are additional documents responsive to defendant's first document requests. Again, thanks for your patience - we are going through a significant amount of documents which is taking longer than expected. I will send you additional documents as our review is completed. Due to the

number of documents involved, we will likely be producing the bulk of the
remaining documents via disc.  Thanks again.

A day later, on March 28, 2007, Workhorse filed a motion to compel production of documents relative to the January 27, 2007 document request.  On April 3, 2007, Magistrate Judge Scheer issued a notice of hearing on the motion for May 1, 2007, at 2:00 p.m.. On April 30, 2007, at 7:28 p.m., Acker's Counsel Ray Sterling e-mailed Workhorse's Counsel Joel Neckers:

> Joel, I tried you on your office and cell phone, but couldn't get a hold of you.
>
> All of the docs are available for your inspection and copying.  If you would like to stop by our office in the morning before the hearing, you can review them and see which of them you really need to copy.  There are literally thousands of documents, most of which I am sure you will not want or need.  Please let jack know (I will be out) so that we can tell the judge that we have resolved the motion — I do not think he will be too happy with proceeding with a motion that has been resolved.

Workhouse's Counsel Neckers responded on the morning of the scheduled hearing, on May 1, 2007, at 7:08 a.m., outlining several reasons for refusing to accept the offer to inspect the documents that morning, further noting that Workhorse's Counsel had already traveled from Chicago to Detroit for the hearing.

As the hearing began before Magistrate Judge Scheer, Acker's Counsel represented to the court:

> MR. STERLING: Your Honor, we're probably about five minutes away from working out every aspect of this motion, and I - - I - -
>
> THE COURT: Oh, well, why don't we take the five minutes?
>
> MR. STERLING: I - - I - - I think we can get there and probably put a stipulation on the record, and if not, we can at least narrow it further, and I apologize that it hasn't been done till [sic] now, but sometimes you've got to come to court to do these things.

Counsel for Acker appeared before the court following a recess, stating that "[w]e did resolve virtually all of the issues," placing three stipulations on the record: (1) computer

information would be produced in CD format; (2) Acker would copy and produce at his expense all other documents within one week of the hearing; and (3) Acker would not attempt to introduce a certain economic loss report at trial. Acker's Counsel ended by stating: "So I believe that - - that encompasses our three stipulations and should resolve the discovery issues." The parties and the court agreed that the documents would be produced by May 7, 2007.

> Workhorse's Counsel then raised the issue of costs and attorney fees:
>
> MR. NECKERS: . . . . There is one other issue that I would like to address - - address - -
>
> THE COURT: Sure.
>
> MR. NECKERS: - - yet today, and that's the - - our motion for attorneys' fees and costs incurred related to this motion. Unfortunately, we were not able to - - to work that out even though we were able to address the other discovery issues. . . . .

Magistrate Judge Scheer then heard oral argument on the motion, and granted Workhorse's motion for an award of costs and attorney fees:

> THE COURT: . . . . I will order that Mr. Neckers prepare an order effectuating that ruling, that a provision in the order should provide for an award of attorney fees and travel expenses to defense counsel. . . . .

Acker's Counsel continued arguing the motion for costs and attorneys fees. Magistrate Judge Scheer responded:

> THE COURT: I don't find that you complied with the rule. I don't find that you gave them timely notification that they could inspect the documents. I don't find that you produced the documents either. One or the other you most certainly have to do, and it isn't sufficient, as far as I am concerned, it isn't compliant with the rule that you notify them a month after they filed a motion to compel and after counsel has flown to Detroit for a hearing the following day, to let them know after close of business that he can come and inspect documents it took you four months to get together.
>
> So my ruling is my ruling. You can appeal if you like, but submit the order.

The order entered on May 10, 2007. Acker's May 18, 2007 motion for reconsideration of

3

the ruling was denied by Magistrate Judge Scheer on May 30, 2007, with the court recognizing that the parties had orally agreed to extend the time for disclosure through the end of February, 2007. Magistrate Judge Scheer also found that Acker's Counsel first offered Workhorse's Counsel the opportunity to review the requested documents in the May 1, 2007 e-mail. Acker filed objections on June 18, 2007. In an August 13, 2007 Stipulated Order, the parties agreed to stay a ruling on Acker's objections until final resolution of the case. The court has since granted summary judgment in favor of Workhorse, and Acker's objections are now ripe for review.

A district court shall consider objections to a magistrate judge's non-dispositive order, and shall modify or set aside any portion of such order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

If a motion to compel disclosure is granted or disclosure is provided after a motion to compel disclosure is filed, Federal Rule of Civil Procedure 37(a)(5)(A)[1] authorizes a district court to require the party whose conduct necessitated the motion, and/or the attorney advising that conduct, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant did not attempt in good faith to obtain disclosure before filing the motion, the opposing party's failure to disclose was substantially justified, or other circumstances make an award of expenses unjust. Whether and to what extent discovery sanctions are warranted are for the court to decide

---

[1] Prior to amendment of Rule 37 effective December 1, 2007, the same authority was found at Federal Rule of Civil Procedure 37(a)(4). See Magistrate Judge Scheer's May 30, 2007 Order, at 2.

in its discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976); Harmon v. CSX Transportation, Inc., 110 F.3d 364, 366 (6th Cir. 1997). An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable, arbitrary or fanciful. Youn v. Track, Inc., 324 F.3d 409, 420 (6th Cir. 2003).

Acker objects that Magistrate Judge Scheer erred by finding that Acker first offered to make the subject documents available for inspection in the May 1, 2007 e-mail, after Workhorse filed its March 28, 2007 motion to compel. Acker proffers his February 26, 2007 Response to Defendant's First Set of Requests for the Production of Documents and Things, wherein Acker responded: "See general objection. Without waiving this objection, plaintiff will produce any such documents for inspection and copying" to Items 1-3, 6, and 10-11; "Plaintiff will produce any such documents for inspection and copying" to Items 7-8; and "Plaintiff will produce any W-2 and 1099 forms showing earned income for inspection and copying pursuant to protective order" to Item 9. Acker also proffers an April 27, 2007 e-mail from Acker's Counsel Joel Gray to Workhorse Counsel Neckers:

> Is there any way we can get the hearing postponed for a week? That way hopefully all of our issues will be resolved beforehand. Also, I am still home with the flu and cant [sic] coordinate getting the documents out to you before Monday. Thanks for your consideration.

Acker further draws the court's attention to Attorney Sterling's April 30, 2007 and May 1, 2007 e-mails to Attorney Neckers.

Rule 37(a)(5)(A)[2] authorizes the court to award costs and attorney fees if a motion to compel was necessitated by a party's conduct as advised by the party's attorney. Acker does not dispute, prior to Workhorse's March 28, 2007 motion to compel, that "plaintiff's counsel agreed (as is his practice) to copy and physically produce the documents . . . ."

---

[2] See fn. 1, infra.

Acker's Objections, at 5. See also March 2, 2007 e-mail from Acker's Counsel Gray to Workhorse's Counsel Neckers ("I have been out of the office today and we hope to get you the documents as soon as possible"); Necker's March 5, 2007 e-mail to Gray ("You initially indicated that you needed until the end of the week of February 12, 2007 to produce responsive documents and then indicated last week that you expected to produce responsive documents by Friday, March 2, 2007. However, we still have not received any responsive documents at this time"); Gray's March 6, 2007 e-mail to Neckers ("Attached are initial documents responsive to defendant's first document requests. As I indicated, I am working diligently with the client on producing additional documents which I hope to have to you soon. Thanks.") Acker's argument that his February 26, 2007 Response to Defendant's First Set of Requests for the Production of Documents and Things complied with the Rule 34 requirement to state that inspection will be permitted as requested ignore's Acker's written responses that he would "produce" documents for inspection and copying, and Counsel's subsequent and consistent agreement that Acker would in fact produce the documents. Magistrate Judge Scheer did not clearly err in finding that Acker violated Rule 34 by agreeing to produce the documents after securing extensions to produce beyond February 17, 2007, failing to produce the documents by March 28, 2007 and necessitating Workhorse's motion to compel, first offering to resolve all of the discovery issues on Friday, April 27, 2007, three weeks after Magistrate Judge Scheer issued his April 3, 2007 notice of a the May 1, 2007 hearing on the motion to compel, and first offering to allow Workhorse's Counsel to inspect all of the documents on the eve of the hearing. Rules 34 and 37 legally authorized an award of costs and attorney fees on the finding that Acker's Counsels' conduct in responding to Workhorse's January 17, 2007 Requests for Documents necessitated Workhorse's March 28, 2007 motion to compel. It is beyond dispute that Acker provided the promised disclosure after the May 1, 2007 hearing,

permitting an award of costs and attorney fees under Rule 37(a)(5)(A)[3]. Acker's first objection is without merit.

Acker continues by objecting that Magistrate Judge Scheer ruled contrary to law by ignoring the parties' stipulations and proceeding to award costs and attorney fees to Workhorse. The hearing transcript makes clear that the parties could not reach an agreement on the issue of as award of costs and fees. Acker's argument that he agreed to the three discovery stipulations based on a reasonable belief that Workhorse would not be awarded costs and fees is not supported by the record. Magistrate Judge Scheer simply did not dissolve a stipulation of the parties.

Acker's objection that Workhorse prompted any disclosure delay by failing to give adequate directions as to the format for electronic discovery is also without merit. As made clear by the hearing transcript and the parties' three stipulations placed on the record, Workhorse's March 28, 2007 motion to compel was not limited to the disclosure of computer information. Workhorse's motion to compel was not necessitated by Workhorse's failure to adequately describe the format for disclosing computer information.

Acker objects that Judge Scheer erred by awarding costs and fees when Workhorse was not granted full relief on its motion to compel disclosure. Acker cites to three district court cases. Within the Sixth Circuit, an award of discovery sanctions in within the district court's discretion. <u>Harmon</u>, 110 F.3d at 366. Rule 37(a)(5)(A)[4] authorizes an award of costs and attorney fees where, as here, counsel's conduct necessitated a motion to compel disclosure, and disclosure was provided after the motion to compel was filed. Even assuming Workhorse was not granted full relief as argued by Acker, the court is not

---

[3] <u>See</u> fn. 1, <u>infra</u>.

[4] <u>See</u> fn. 1, <u>infra</u>.

7

persuaded that an award of costs and attorney fees would be, as Acker argues, contrary to law.

Acker's final objection is, in essence, that Magistrate Judge Scheer abused his discretion in awarding costs and attorney fees to Workhorse by failing to consider that the asserted violation of Rule 34 was a minor first infraction, Workhorse is now seeking $15,186.00 in costs and attorney fees, and Workhorse refused Acker's April 27, 2007 offer to adjourn the May 1, 2007 hearing by one week.  In rendering a final specific award, Magistrate Judge Scheer may consider whether Workhorse attempted in good faith to obtain disclosure before filing its March 28, 2007 motion to compel, whether Acker's failure to disclose was substantially justified, or other circumstances that would make the specific award of expenses unjust.  Under the totality of the circumstances, Magistrate Judge Scheer's finding that Workhorse is entitled to an unspecified award of costs and attorney fees is not based on an erroneous conclusion of law or clearly erroneous finding of fact, and the decision is not clearly unreasonable, arbitrary or fanciful.  <u>Youn</u>, 324 F.3d at 420. Acker's final objection is not well taken, and is, at best, premature.

For the reasons set forth above, plaintiff Friedel Acker's objections to Magistrate Judge Donald Scheer's May 8, 2007 and May 30, 2007 Orders are hereby OVERRULED.

SO ORDERED.

Dated:  April 28, 2008

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 28, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk