UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRIEDEL M. ACKER,

    Plaintiff,

vs.

Case No. 06-CV-14467
HON. GEORGE CARAM STEEH

WORKHORSE SALES CORPORATION,

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#64) AND DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY (#70)

    Plaintiff Friedel Acker moves for reconsideration of this court's April 28, 2008 Order granting defendant Workhorse Sales Corporation's motion for summary judgment as to Acker's claim under Michigan's Elliott Larsen Civil Rights Act (ELCRA), M.C.L. §§ 37.2201, et seq., that he was discharged in a reduction in force (RIF) as a pretext for age discrimination. Acker filed an amended brief in support of the motion for reconsideration on May 16, 2008, and a supplemental brief in support of the motion on August 5, 2008. Workhorse filed a motion for leave to respond to Acker's supplemental authority on August 15, 2008[1].

    In granting Workhorse's motion for summary judgment, the court initially found that age-related statements made by decision-maker Jay Sandler over the course of several years did not constitute direct evidence of age discrimination and, alternatively, assuming the statements did constitute direct evidence of age discrimination, it was beyond

---

[1] Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2): "No response to the motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise."

reasonable dispute that Acker would have been discharged in the RIF even if Workhorse had not been motivated by unlawful discrimination. The court continued by finding that Sandler's statements constituted indirect evidence of age discrimination which established the fourth element of Acker's prima facie case, that Acker was discharged under circumstances creating a reasonable inference that unlawful age discrimination was at least a motivating factor in the discharge decision. Applying the McDonnell Douglas framework applicable to RIF cases, the court then concluded that Workhorse met its burden of producing evidence that Acker was discharged as part of a bona fide 2005 economic RIF. Continuing under the McDonnell Douglas framework, the court determined Acker failed to meet his burden of coming forward with evidence that would allow a reasonable jury to find that the RIF was a pretext for age discrimination, and that Acker's age was a motivating factor in eliminating his position of Government and Export Sales Manager in January 2006 due to the loss of government and foreign accounts.

On reconsideration, Acker argues that, once the court determined that Sandler's comments constituted indirect evidence of age discrimination, and that Acker had established a prima facie case of age discrimination, the court's analysis should have ended and the case should have been submitted to the jury. Acker continues by arguing that the court erred in finding that Sandler's comments did not constitute direct evidence of age discrimination. Acker asserts that the court's alternate finding – that even assuming the comments were direct evidence of discrimination Acker would have been discharged even if Workhorse had not been motivated by unlawful discrimination – is contrary to Michigan law. Acker further argues the court erred in concluding that he did not rebut Workhorse's proffered economic RIF as a mere pretext for discrimination given the inconsistent testimony of Workhorse President David Olsen and Sandler regarding the reasons for Acker's discharge, and a remaining reasonable factual dispute as to the

genuineness of the financial reasons given by Workhorse for the RIF. Acker asserts that the court erred in finding that Loren Luke and other similarly situated younger employees were not treated differently than Acker. Acker concludes in his original motion for reconsideration that the court did not take the "special care" warranted in adjudicating motions for summary judgment in employment discrimination cases.

In a First Amended Brief filed in support of his motion for reconsideration, Acker reasserts that the court erred in finding that Olsen's, Sandler's, and Workhorse Human Resources Director Michael Fegter's deposition testimony was not conflicting as to Workhorse's reasons for discharging Acker. In the more recent Supplemental Brief, Acker cites the July 3, 2008 decision in White v. Baxter Healthcare Corp., 533 F.3d 381 (6th Cir. 2008) in support of his argument that the court was required to deny Workhorse's motion for summary judgment after determining that Sandler's comments constituted indirect evidence of age discrimination. In response to Acker's Supplemental Brief, Workhorse filed its motion for leave to file a response to the Supplemental Brief.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

The court did not err in granting Workhorse's motion for summary judgment given Acker's failure to produce evidence that would allow a reasonable jury to find that Workhorse's 2005 RIF was merely a pretext for age discrimination, or that Acker's age was a motivating factor in the decision to eliminate Acker's Government and Export Sales Manager position as a consequence of the RIF. Sitting in diversity, this court must follow

3

decisions of Michigan's Supreme Court that have addressed a relevant issue. Savedoff v. Access Group Inc., 524 F.3d 754, 762 (6th Cir. 2008). To establish a prima facie case of discrimination under the Michigan's ELCRA, the plaintiff must present evidence that: (1) he belongs to a protected class; (2) an adverse employment action was taken; (3) he was qualified for the position; and (4) the adverse action was taken under circumstances giving rise to an inference of unlawful discrimination. Hazle v. Ford Motor Co., 464 Mich. 456, 467, 628 N.W.2d 515 (2001) (citing Lytle v. Malady (On Rehearing), 458 Mich. 153, 172-173, 579 N.W.2d 906 (1998); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Once the plaintiff establishes a prima facie case, "the defendant has the opportunity to articulate a legitimate, nondiscriminatory reason for its employment decision in an effort to rebut the presumption created by the prima facie case." Hazle, 464 Mich. at 464 (citing Lytle, 458 Mich. at 173; McDonnell Douglas, 411 U.S. at 802). If the defendant meets this burden of production, "in order to survive a motion for summary [judgment], the plaintiff must demonstrate that the evidence in the case, when construed in the plaintiff's favor, is 'sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff.'" Hazle, 464 Mich. at 464 (quoting Lytle, 458 Mich. at 176). "As we first held in Town v. Michigan Bell Telephone Co., 455 Mich. 688, 698, 568 N.W.2d 64 (1997), and then reaffirmed in Lytle, supra at 175-176, 579 N.W.2d 906, a plaintiff 'must not merely raise a triable issue that the employer's proffered reason was pretextual, but that it was a pretext for [unlawful] discrimination." Hazle, 464 Mich. at 465-466. If the plaintiff establishes his prima facie case, including the element that an adverse employment action was taken under circumstances giving rise to an inference of unlawful discrimination, the defendant is entitled to summary judgment if the plaintiff fails to proffer sufficient evidence to support a finding that the defendant's stated legitimate reasons for the adverse action were

pretextual. Id. at 477. In cases involving a discharge pursuant to a bona fide economic RIF, the plaintiff is required to present evidence on the ultimate issue of whether age was a determining factor in the decision to discharge the plaintiff. Lytle, 458 Mich. at 178; Matras v. Amoco Oil Co., 424 Mich. 675, 684, 385 N.W.2d 586 (1986). At the third stage of the McDonnell Douglas framework, if the plaintiff fails to raise a genuine issue of fact that the employer's proffered economic RIF was a pretext for discrimination, the defendant employer is entitled to summary judgment as a matter of law. Lytle, 458 Mich. at 178.

As demonstrated, Acker's argument that Workhorse's motion for summary judgment should have been denied once Acker established a prima facie case of age discrimination is an inaccurate characterization of Michigan law, and in conflict with Michigan Supreme Court decisions addressing the issue. Savedoff, 524 F.3d at 762. Acker's version of Michigan law would impermissibly eliminate the employer's opportunity to rebut a plaintiff's prima facie case with evidence that the plaintiff was legitimately discharged as the result of an economic RIF. The prima facie case established by Acker's use of Sandler's statements raised an inference of discrimination that, "if otherwise unexplained," made it more likely than not that Acker's discharge was "based on the consideration of impermissible factors." Hazle, 464 Mich. at 463 (internal citation omitted). "However, the fact that a plaintiff has established a prima facie case under McDonnell Douglas does not necessarily preclude summary judgment in the defendant's favor." Id. at 463-64. As here, where the defendant meets its burden of demonstrating that it legitimately discharged the plaintiff under a bona fide economic RIF, and the plaintiff fails to rebut this reasoning as a pretext for discrimination, the defendant is entitled to summary judgment of the plaintiff's ELCRA claim. Hazle, 464 Mich. at 465-466; Lytle, 458 Mich. at 178; Matras, 424 Mich. at 684.

Wexler v. White's Fine Furniture, Inc., 317 F.3d 564 (6th Cir. 2003) does not

displace the Michigan Supreme Court precedent. Wexler involved a federal claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., not an application of Michigan law. Id. at 567. Further, Wexler recognized using the three step McDonnell Douglas approach in cases involving indirect evidence of discrimination, that is, if the employer responds to a prima facie case of discrimination "by offering a legitimate, nondiscriminatory reason for the adverse employment action at issue . . . , the employee bears the burden of rebutting this proffered reason by proving that it was a pretext for discrimination." Id. Unlike the district court in Wexler, this court is not invoking a "business judgment" rule in finding that Acker has failed to rebut Workhorse's RIF as a pretext for discrimination. See id. at 576-77. Wexler is distinguishable on both its facts and law, and is consistent with this court's application of the McDonald Douglas standard. Acker's general citations to a string of federal authority for the proposition that evidence of age-related remarks requires a denial of summary judgment in bona fide RIF cases are unpersuasive. DeBrow v. Century 21 Great Lakes, Inc., 463 Mich. 534, 620 N.W.2d 836 (2001) was not an economic RIF case and, unlike here, involved direct evidence of discrimination that, "in the conversation in which [the plaintiff] was fired, his supervisor told him that he was 'getting too old for this shit.'" Id. at 538.

Acker's argument that Sandler's comments constituted direct evidence of age discrimination merely presents the same issue ruled upon by the court. See April 28, 2008 Order, at 6-7. While the court agrees that direct evidence of discrimination makes the McDonnell Douglas framework inapplicable, Sandler's statements do not constitute direct evidence of age discrimination because they were not made in relation to the decision to discharge Acker in the RIF. Id. at 7 (citing Blair v. Henry Filters, Inc., 505 F.3d 517, 523 (6th Cir. 2008)). Contrary to Acker's argument, a defendant employer may prevail on summary judgment in direct evidence cases by demonstrating beyond dispute that the

defendant would have discharged the plaintiff even absent a discriminatory motive. See In re Rodriguez, 487 F.3d 1001, 1009-10 (6th Cir. 2007) (adjudicating national origin discrimination claim filed under Michigan ELCRA). Acker does not dispute the 2005 loss of the major accounts he was responsible for as the Government and Export Sales Manager, and the failure to secure future export business in Venezuela. There is no evidence in the record to support a finding that Workhorse sabotaged these accounts in order to eliminate Acker's Manager position. Workhorse owed no duty to transfer Acker to another position. Godfredson v. Hess & Clark, Inc., 173 F.3d 365, 374 (6th Cir. 1999). There is no evidence in the record to support a finding that younger sales representatives were permitted to transfer to another sales position to avoid the RIF. Compare Bender v. Hecht's Department Stores, Inc., 455 F.3d 612, 623 (6th Cir. 2006).

Acker's argument that a reasonable factual dispute remains whether the RIF was the result of a genuine financial situation or a mere pretext for age discrimination likewise merely presents the same issue already ruled upon by the court. See April 28, 2008 Order, at 11-18. The addition of Fegter's deposition testimony does not warrant a different conclusion. Acker's assertion of disparate treatment relative to the younger Luke remains without merit. Id. at 12-13. And even assuming that Workhorse's treatment of Luke raised an inference of age discrimination, it remains beyond dispute that Acker was discharged as part of a legitimate financial RIF, and Acker's age was not a factor used in eliminating his Government and Export Sales Manager position. The court took appropriate care in granting Workhorse's motion for summary judgment.

The Sixth Circuit's recent decision in White does not support Acker's argument that he was entitled to summary judgment once he produced indirect evidence of age discrimination. See White, 533 F.3d at 391-92 (recognizing three-part McDonnell Douglas approach). Unlike here, a RIF case, the White plaintiff, alleging race discrimination under

the ELCRA and Title VII for a failure to promote, met his burden of coming forward with evidence to support a finding of illegitimate pretext. Id. at 394-395. The remainder of the White opinion addresses federal "mixed-motive" claims alleged under 42 U.S.C. § 2000e-2(m) of Title VII, not the ELCRA, with a majority of the court holding that: (1) the McDonnell Douglas/Burdine burden-shifting framework does not apply to summary judgement analysis of Title VII mixed-motive claims; and (2) to survive an employer's motion for summary judgment of a Title VII mixed-motive claim, the plaintiff need only come forward with evidence that unlawful discrimination was "a" motivating factor for the employer's adverse action. Id. at 400. The analysis is consistent with Michigan law to the extent a plaintiff is only required to show that unlawful discrimination was "a" factor as opposed to the factor motivating the challenged employment decision. See Lytle, 458 Mich. at 178; Matras, 424 Mich. at 684. This court also notes that the Sixth Circuit chose not to extend its "mixed-motive" holding as a part of Michigan law. Even if the holding applied over Michigan ELCRA claims, it remains beyond dispute that Acker was discharged as part of a legitimate financial RIF, and Acker's age was not "a" factor used in eliminating his Government and Export Sales Manager position.

Absent palpable error, plaintiff Friedel Acker's motion for reconsideration is hereby DENIED. Defendant Workhorse's motion for leave to file a response brief is hereby DENIED as MOOT.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 2, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk